# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent<br><br>v.<br><br>FERNANDO ESPANA RUBIO and JUSTO MATA BUSTOS<br><br>Defendant-Petitioners. | CASE NO. 1:08-CR-297-LJO<br><br>ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS<br><br>(ECF NO. 78) |

On November 17, 2016, the Court granted Defendant-Petitioners Fernando Espana Rubio and Justo Mata Bustos (collectively, "Defendants") motions to vacate, set aside, or correct their sentences pursuant to 28 U.S.C. § 2255, on the basis that Defendants' 18 U.S.C. § 924(c)(1)(A) convictions are no longer valid under the Supreme Court's decision *Johnson v. United States*, 135 S.Ct. 2551 (2015). ECF Nos. 73 & 74. Before the Court granted their § 2255 motions, Defendants were both serving 171-month terms of imprisonment after pleading guilty to two counts of a three-count indictment: 87 months for Count 2, kidnapping, in violation of 18 U.S.C. § 1201(a)(1), served consecutively with 84 months for Count 3, brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). ECF Nos. 50 & 51.[1] In light of its determination that Defendants' convictions for kidnapping can no longer serve as predicate offenses for the § 924(c)(1)(A) sentencing enhancements, the Court ordered that the Government either (1) move to dismiss Count 3 with respect to both Defendants, or (2) file notice declining to dismiss Count 3; and provided Defendants with 14 days to file an appropriate motion if the Government did not move to dismiss Count 3. ECF No. 73 at 18; ECF No. 74 at 18. The Government subsequently filed notices

---

[1] At Defendants' original sentencing proceedings, the Government moved to dismiss Count 1 on both of their indictments. ECF Nos. 50 & 51.

with respect to both Defendants indicating that it would not move to dismiss Count 3 on account of the law remaining "unsettled." ECF Nos. 76 & 77.

Pursuant to the Court's order, Defendants now jointly move to dismiss Count 3 of their respective indictments on the basis that Defendants' § 924(c)(1)(A) convictions cannot stand in light of the Court's legal determinations and application of Ninth Circuit and Supreme Court precedent. ECF No. 78. The Government has not filed a formal opposition to Defendants' pending motion. *See* ECF No. 82. For the reasons that follow, the Court GRANTS Defendants' motion.

## I.   STANDARD OF REVIEW

Federal Rule of Criminal Procedure 12(b) governs motions that the parties may make regarding "any defense, objection, or request that the court can determine without a trial on the merits."[2] Upon a motion to dismiss a charge in the indictment for failure to state an offense, the Court "is bound by the four corners of the indictment … [and] … must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) (citing *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996)). "An indictment fails to state an offense if it does not allege facts which, if proven, would constitute a violation of 'the statue, rule, regulation, or other provision of law that the defendant is alleged to have violated.'" *United States v. Carroll*, No. CR-13-0566 EMC, 2015 WL 2251206, at *1 (N.D. Cal. May 13, 2015) (citing Rule 7(c)(1)); *see also Boren*, 278 F.3d at 914 ("The indictment either states an offense or it doesn't.").

## II.   DISCUSSION

Section 924(c)(1)(A) imposes increased terms of imprisonment for the use of a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c). For purposes of this statute, "crime of violence" is defined as an offense that is a felony and —

---

[2] Under Rule 12(b)(3), a motion challenging the sufficiency of the indictment on the ground that it fails to state an offense must be raised before trial "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." The Advisory Committee Notes to Rule 12(b)(3) indicate that the Rule's introductory language is reflective of the Committee's recognition that "in some cases, a party may not have access to the information needed to raise particular claims that fall within the general categories subject to Rule 12(b)(3) prior to trial," and that the "'then reasonably available' language is intended to ensure that a claim a party could not have raised on time is not subject to the limitation on review imposed by Rule 12(c)(3)." Therefore, although Defendants filed their motion after pleading guilty to the charges in their indictments, because the basis for this motion was not reasonably available prior to the Court's order granting their § 2255 petitions on November 17, 2016, the Court finds that the pending motion is timely and appropriate for review at this juncture.

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). "Courts generally refer to the '(a)' clause of section 924(c)(3) as the 'force clause' and to the '(b)' clause of section 924(c)(3) as the 'residual clause.'" *United States v. Bell*, 153 F. Supp. 3d 906, 910 (N.D. Cal. 2016).

In this case, the Court granted Defendants' § 2255 petitions because following the Supreme Court's decision in *Johnson* and the Ninth Circuit's decision in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), Defendants' § 1201(a)(1) convictions can no longer serve as predicate offenses for sentencing enhancements pursuant to § 924(c)(1)(A). Specifically, the Court found that under *Johnson* and *Dimaya*, the residual clause of § 924(c)(3) is unconstitutionally vague, and cannot be the basis for a § 924(c)(1)(A) sentence enhancement. ECF No. 73 at 8; ECF No. 74 at 8. The Court additionally determined that each Defendant's § 1201(a)(1) conviction is categorically not a crime of violence under the § 924(c)(3) force clause. ECF No. 73 at 17; ECF No. 74 at 17.

Defendants now argue that the Court should dismiss the § 924(c)(1)(A) counts in their respective indictments. ECF No. 78 at 3. Upon review of the record, which indicates that Defendants have no other criminal convictions, the Court agrees. For all of the reasons the Court granted Defendants' § 2255 petitions, the Court must likewise dismiss the § 924(c)(1)(A) counts in their indictments because Count 3 of each Defendant's indictment no longer states a cognizable violation of law. *See Boren*, 278 F.3d at 914. Accordingly, Defendant' joint motion to dismiss Count 3 on their indictments, ECF No. 78, is GRANTED.

IT IS SO ORDERED.

Dated:  **January 4, 2017**              /s/ Lawrence J. O'Neill
                                                            UNITED STATES CHIEF DISTRICT JUDGE